Susan T. DUFFY

v.

Sandra A. POWELL, in her capacity as Director, Rhode Island Department of Labor and Training, and the Board of Review, Department of Labor and Training.

No. 2009–100–M.P.

Supreme Court of Rhode Island.

April 14, 2011.

Valentino D. Lombardi, Esq., Department of Labor and Training, for Petitioner.

Susan T. Duffy, pro se.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice Goldberg, for the Court.

This case came before the Supreme Court on December 1, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this case should not summarily be decided. The petitioner, Rhode Island Department of Labor and Training (DLT), sought review in this Court, and we granted its petition for writ of certiorari to determine whether G.L.1956 § 28–41–6 prohibits receipt of temporary disability insurance (TDI) benefits after a lump sum workers' compensation award. The DLT denied the claim of the respondent, Susan T. Duffy (respondent or Duffy), for TDI benefits because she had received a lump sum workers' compensation award covering the same period of disability. This decision eventually was reversed by a judge of the Sixth Division District Court (District Court), who found that the respondent was entitled to receive TDI benefits, based "on the interests of justice." After reviewing the DLT's memorandum and hearing its argument, we are satisfied that cause has not been shown; thus, this case may be decided without further briefing and argument.[1] We quash the decision of the Sixth Division District Court and remand the papers in this case for further proceedings consistent with this opinion.

### Facts and Travel

On June 12, 2001, respondent injured her right ankle in a work-related accident. On October 27, 2006, she received a lump sum workers' compensation settlement of $14,000 for her injury.[2] Approximately one year later, on October 17, 2007, additional surgery to respondent's right ankle was deemed necessary, and, because respondent was unable to work during her recovery, she applied for TDI benefits. The DLT denied the application on the

1. We note that respondent, Susan T. Duffy, failed to comply with the requirements of Article I, Rule 12A(2) of the Supreme Court Rules of Appellate Procedure, which specify that the responding party file a counter-statement within fifteen days after the petitioner files his or her statement. The respondent did not file a counter-statement, nor did she attend oral argument.

2. The total settlement awarded was $17,000; however, $3,000 of that amount was for the attorney's fee.

basis that the lump sum workers' compensation settlement disqualified Duffy from receiving TDI benefits as set forth in § 28–41–6. By DLT's calculation, Duffy's lump-sum award covered 101 weeks of work-related disability, from October 27, 2006, through October 6, 2008. The respondent thus was seeking TDI benefits for the same period that she received workers' compensation payments. Section 28–41–6 specifically prohibits a simultaneous award of TDI and workers' compensation benefits.[3]

On December 10, 2007, Duffy appealed the denial of benefits, and on January 29, 2008, a hearing was held before a DLT referee. At the hearing, counsel for respondent made no substantive legal arguments, but essentially contended that principles of fairness dictated that Duffy receive TDI benefits. Counsel argued that the workers' compensation allowance as calculated on a weekly basis was very low because Duffy was working sporadically at the time of the award. The referee was unmoved; in a decision issued on January 30, 2008, he found that Duffy was disqualified from receiving TDI benefits under § 28–41–6 because her workers' compensation settlement, applied *pro rata*, covered the same period for which she claimed TDI benefits.

Duffy's appeal to the Board of Review was denied without a hearing. Duffy then turned to the District Court, and a hearing was held on April 23, 2008. The District Court judge ordered that the Board of Review examine "the calculation of TDI benefits with reference to the [respondent's] compensation settlement[,]" and remanded the case for further consideration. On remand, the Board of Review once again affirmed the denial of benefits in a written decision issued on September 11, 2008. Duffy again appealed to the District Court.

In a one-page order issued on March 6, 2009, the District Court declared that:

"[T]he interests of justice require that the [respondent] receive Temporary Disability Insurance benefits for the period between October 16, 2007 to April 20, 2008 as a result of a surgical procedure which left her unable to work. [The respondent's] benefits will be the amount of Temporary Disability Insurance she was entitled to collect minus $139.17, which represents future workers' compensation benefits she would have been entitled to [receive] when considering her October 27, 2006 lump sum workers' compensation settlement of $14,000."

The DLT then sought review in this Court, and we granted certiorari to determine whether § 28–41–6 prohibits receipt of TDI benefits after a lump sum workers' compensation award.

---

**3.** General Laws 1956 § 28–41–6(a), as amended by P.L.2000, ch. 109, § 38 provides:

"No individual shall be entitled to receive waiting period credit benefits or dependents' allowances with respect to which benefits are paid or payable to that individual under any workers' compensation law of this state, any other state, or the federal government, on account of any disability caused by accident or illness. In the event that workers' compensation benefits are subsequently awarded to an individual, whether on a weekly basis or as a lump sum, for a week or weeks with respect to which that individual has received waiting period credit, benefits, or dependents' allowances, under chapters 39–41 of this title, the director, for the temporary disability insurance fund, shall be subrogated to that individual's rights in that award to the extent of the amount of benefits and/or dependents' allowances paid to him or her under those chapters."

Section 28–41–6 was amended in 2010 by P.L.2010, chs. 95 and 121; however, no changes were made to § 28–41–6(a).

## Analysis

The question before this Court is whether there was legally competent evidence to support the District Court's determination that respondent was entitled to receive TDI benefits. *Rhode Island Temps, Inc. v. Department of Labor and Training, Board of Review,* 749 A.2d 1121, 1124 (R.I.2000). The District Court concluded that disqualifying Duffy from receiving TDI benefits under § 28–41–6 because she had received a lump sum workers' compensation award was erroneous. "The law in Rhode Island is well settled that an administrative agency will be accorded great deference in interpreting a statute whose administration and enforcement have been entrusted to the agency." *State v. Swindell,* 895 A.2d 100, 104 (R.I.2006) (quoting *State v. Cluley,* 808 A.2d 1098, 1103 (R.I.2002)). "[I]f a statute's requirements 'are unclear or subject to more than one reasonable interpretation, the construction given by the agency charged with its enforcement is entitled to weight and deference as long as that construction is not clearly erroneous or unauthorized.'" *Id.* at 105 (quoting *Cluley,* 808 A.2d at 1103).

The respondent was awarded a lump sum workers' compensation settlement on October 27, 2006. In accordance with G.L. 1956 § 28–33–25(a)(1), "parties may petition the workers' compensation court for an order approving a settlement of the *future liability* for a lump sum or structured-type periodic payment * * *." (Emphasis added.) Thus, the DLT was correct in determining that the *pro rata* settlement was prospective and applied from October 27, 2006, through October 6, 2008.

It follows that this settlement disqualified Duffy from receiving TDI benefits because of the limitations set forth in the statute.

Section 28–41–6(a) states in part that "[n]o individual shall be entitled to receive waiting period credit benefits or dependents' allowances with respect to which benefits are paid or payable to that individual under any workers' compensation law of this state * * *." Although this provision specifies "waiting period credit benefits," rather than standard TDI benefits, the legislative intent is clear; § 28–41–6(d) specifies in pertinent part:

"If, through inadvertence, error, or mistake, an individual has received [TDI] benefit payments * * * and has also received payments for the same week or weeks under *any workers' compensation law of this state,* any other state, or of the federal government, he or she shall * * * be liable to have that sum deducted from any [TDI] benefits payable to him or her * * *." (Emphasis added.) [4]

Thus, it is abundantly clear that the General Assembly intended receipt of workers' compensation benefits to be a complete bar to receipt of TDI benefits. Accordingly, we are of the opinion that the trial judge erred in deciding otherwise.

## Conclusion

We quash the decision of the District Court and remand the papers in this case to the District Court with our decision endorsed thereon.

---

4. Section 28–41–6(c) further provides that receipt of a lump sum workers' compensation settlement disqualifies a claimant from receiving TDI benefits except in narrow circumstances in which the "sickness or illness is materially different from the one for which the individual was paid workers' compensation, is not affected by said injury and/or the medical condition did not result from the injury for which the employee was paid workers' compensation benefits."